10587

SMITH v. BANKHEAD.

(106 S. E. 469)

1. PARTITION—PURCHASER ACQUIRES UNSEVERED CROPS, THOUGH DUE AS RENT BEFORE SALE.—Where land was sold in a partition suit without any reservation, and the deed conveyed "all and singular the rights, * * * rents, issues, and profits," crops still attached to the freehold when the sale was made and when the purchasers complied with their bid passed to the purchasers, though the land was rented, and the rent was payable in cotton and corn, and was due before the sale.

2. PARTITION—FAILURE OF PURCHASERS TO EXHIBIT DEED HELD NOT TO AFFECT RIGHT TO CROPS.—Where a tenant of land sold at partition sale had attorned to the purchasers, at the request of the agent of the former owners, and the purchasers were in possession when such agent attempted to gather crops due as rent, the failure of the purchasers to exhibit their deed did not defeat their action to recover possession of the crops.

Before SEASE J., York, March, 1920. Reversed.

Action by J. D. and J. H. Smith against J. H. Bankhead, agent in claim and delivery. From judgment for defendant the plaintiff appeals.

*Messrs. J. A. Marion* and *W. W. Lewis,* for appellants, cite: *Rent payable in crops, and no time specified, is due at end of the rent period, or within a reasonable time after crops are harvested:* 24 Cyc. 1170; 16 R. C. L. 928-9. *All interest of owners of the land passed to purchasers under the clerk's deed, including the growing*

*crops*: 24 Cyc. 64; 16 R. C. L. 132; 88 S. E. 108; 100 S. C. 324; 8 S. C. 283; 71 S. C. 9. *Rent will be apportioned where it is payable at end of year, and sale is made before it is due*: 28 S. C. L. 273 (I Speer L;) 28 S. C. L. 32 (I Speer L.) *Share of crops due as rent had not been severed from the freehold and passed with the land*: 12 Cyc. 977; 8 R. C. L. 358-9-60, 369.

*Messrs. Jno. R. Hart* and *J. S. Brice* for respondent. *Mr. Hart* cites: *Purchaser at judicial sale is not entitled to rents which have accrued prior to date of sale*: A & E. Ann. Cases 1912 B. 398. *Otherwise where rent is not due*: 100 S. C. 324; 28 S. C. L. 273 (I Speer L.;) 8 S. C. 282: *Rent in the absence of a definite time fixed, is payable when the crop matures or is ready for market*: 103 S. C. 204.

March 16, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The defendant, J. H. Bankhead, was entitled to an undivided interest in the land described in the complaint and other lands. The defendant acted as agent for his cotenants and rented this tract to Ed. Good, a negro. An action for partition was brought, to which the defendant was a party, and this tract was sold under an order of the Court, and was bought by the plaintiffs herein at that sale. At the request of Mr. Bankhead, the plaintiffs rerented the land for the following year to Ed. Good, on the day following the sale. The sale was made on the 4th of November. The plaintiffs paid the money on the 9th of November, took their deed, and filed it for record on that day. The report of sale was confirmed on the 25th day of November. On the 19th of November, 10 days after the deed was delivered, Mr. Bankhead undertook to gather the crop, and the plaintiffs brought this action for the possession of the crops so gathered. The case was referred

to a special referee, who found that the rent was due before the sale, and the defendant was entitled to the crop. The Circuit Court affirmed this finding.

The rent was payable in cotton and corn. The record does not show that there was any reservation of anything in the order of sale, in the deed, or by notice at the sale. Much has been said in argument about the time at which the rent was due and the failure of the plaintiffs to exhibit the deed to the land, and they were treated as crucial points in the case.

I. It makes no difference when the rent was due. The crops in dispute were still attached to the freehold when the sale was made and when the plaintiffs complied with their bid. The sale of the land carried with it all that was attached to the land, houses, fences, trees, cotton stalks, with their unpicked cotton, and corn stalks and unsevered corn. So far as the parties to that action were concerned, all were included in the sale. The deed that has been confirmed contains the following:

"Together with all and singular the rights, members, hereditaments, and appurtenances whatsoever to the said premises belonging, or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof, and also all the estate, right, title and interest, dower, possession, property, benefit, claim, and demand whatsoever, both at law and in equity, of the said plaintiffs and defendants, and all of the parties to the said suit, and of all other persons rightfully claiming or to claim the same or any part thereof, by, from, or under them, or either of them."

It thus appears that the rents were expressly conveyed. The defendant was a party to the case under which the sale was made.

II.   The failure of the plaintiffs to exhibit their deed is equally ineffective.   If there had been a dispute about the possession, then the failure of the plaintiff to produce the evidence of their title might have been a factor in the case.   There was no such issue here.   The tenant of the defendant had already, at the request of the defendant, attorned to the plaintiffs, and the plaintiffs were already in possession.   The defendant is estopped from claiming any interest in the land or rents.

The judgment is reversed.